UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Johnny W. Pilgrim, | ) C/A No. 4:10-00078-HMH-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Warden Larry Powers, Capt. Tereasa Speller, Dr. Bianco Salvatore, Sgt. J.L. Nichols, and Officer B. Blalock, | ) |
| Defendants. | ) |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983[1] on January 13, 2010. Defendant Dr. Bianco ("defendant") filed a Motion to Dismiss and/or Motion for Summary Judgment on April 29, 2010.[2] The undersigned issued an order filed April 30, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion to Dismiss and/or Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on May 11, 2010, marked "Return to Sender." (Doc. #29).

An Order was issued on June 10, 2010, giving plaintiff ten (10) days from the date of said Order to respond to defendant's Motion for Summary Judgment or his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. This Order was returned to the Clerk of Court's office *via* United States Postal Service on May 11, 2010, marked "Not deliverable." (Doc. #32). Plaintiff failed to file a response and has not provided the court with an updated address.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] The remaining defendants have not filed dispositive motions at this time.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment or the court's Orders requiring him to respond.

An Order was entered on February 9, 2010, authorizing service of process, granting the motion for *in forma pauperis,* and instructing plaintiff that he must always keep the court informed in writing of his address or his case may be dismissed for violating said order. (Docs. #9). Plaintiff has failed to provide an updated address to the court. Thus, plaintiff has failed to comply with the Orders of this court.

No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed as to all defendants for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                                            Respectfully submitted,

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

June 24, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**